NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJA RAM GIRI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70146

Agency No. A089-294-544

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Raja Ram Giri, a native and citizen of Nepal, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Giri's testimony and his evidence as to whether he continued working after his alleged kidnaping. *See Shrestha,* 590 F.3d at 1047 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Giri's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject his contention that he established eligibility for relief in the absence of credible testimony. Thus, Giri's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Giri's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Giri would be

tortured by or with the consent or acquiescence of the government if returned to Nepal. *See id.* at 1156-57.

Finally, we reject Giri's claim that the agency violated his due process rights by failing to consider all his documentary evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096-97 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED**.